Gabrielli, Wachtler and Fuchsberg, JJ.
(dissenting). There is evidence in this record, in part from the lips of employees of Ace Garage, that cars driven by their owners as well as by garage attendants would come down the garage ramp, cross the sidewalk and proceed out into the street without stopping. There is also evidence that no significant *787 precautionary measures were taken by the garage to discourage or prevent such practice or to warn pedestrians of the emergence of exiting vehicles. Such proof was adequate to sustain the conclusion drawn by the jury that the garage violated a duty of reasonable care owed to plaintiff, a traveler on the public sidewalk who was exposed to a foreseeable danger by the inaction of defendant. In the classic language of Palsgraf v Long Is. R. R. Co. (248 NY 339, 344), ”[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension”.
It follows that the jury here was warranted in concluding that the foreseeability of danger to pedestrians who might be expected to be on the sidewalk spawned a duty on the part of the operator of this parking facility to exercise reasonable care to avert harmful consequences. The respondent, the nature of whose business as a public garage operator attracted the flow of automobile traffic across the public sidewalk, cannot close his eyes to the duty to pedestrians who are thereby imperiled. The obligation of due care might have been discharged by restricting operation of departing vehicles to garage employees, by cautioning patron drivers of the possible presence of sidewalk pedestrians, by warning the pedestrians themselves, or by some combination of such methods, or by resort to some other means of protecting against injury to passersby. Liability would not necessarily be predicated on an obligation of the garage to control the conduct of its patrons; the responsibility of due care might otherwise have been discharged by the expenditure of some effort and attention. In the present instance there was no evidence that any attempt was made to protect users of the sidewalk.
The fact that no statute imposes on garage owners a duty of prescribed conduct with respect to emerging vehicles is not sufficient to relieve this defendant of its liability. The common-law duty of reasonable care to those within the ambit of foreseeable danger requires no buttressing by legislative enactment; nor does the absence of such legislation in the present instance exclude the possibility of liability.
Accordingly, the reinstatement of the jury’s resolutions of the factual issues as to the existence of duty and its violation and as to causal relation, supported as they are by the evidence in the record, should not. have been disturbed. The order of the Appellate Division should therefore be affirmed.
*788 Chief Judge Breitel and Judges Jasen and Jones concur with Judge Cooke; Judges Gabrielli, Wachtler and Fuchs-berg dissent and vote to affirm in a memorandum.
Order reversed, with costs, and the judgment of the Civil Court of the City of New York, New York County, reinstated. Question certified answered in the negative.